UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SALVADOR MANDUJANO,<br><br>　　　　　Plaintiff,<br>　v.<br>TIMOTHY F GEITHNER,<br>　　　　　Defendant.<br>_____/ | No. C 10-01226 LB<br><br>**ORDER RE DISCOVERY DISPUTES RAISED IN NOVEMBER 18, 2010 JOINT LETTER**; **ORDER AMENDING SUMMARY JUDGMENT HEARING DATE AND REFERRING PARTIES TO SETTLEMENT BEFORE A MAGISTRATE JUDGE** |

On November 18, 2010, the parties filed a joint letter detailing discovery disputes concerning Plaintiff's responses to Defendant's Interrogatories Nos. 17 and 19, and Plaintiff's response to Defendant's Requests for Production Nos. 5 and 7. ECF No. 28. The parties appeared for a case management conference on December 9, 2010, during which time the Court heard argument from the parties regarding the discovery issues raised in their November 18 letter. After considering the parties' arguments, the Court rules as follows.

**1. Defendant's Interrogatories Nos. 17 and 19**

Defendant first contends that Plaintiff has not provided complete responses to Defendant's Interrogatories Nos. 17 and 19, which seek information regarding Plaintiff's medical treatment history. These interrogatories and Plaintiff's supplemental responses state:

**INTERROGATORY NO. 17**

Identify and list, in chronological order, the name, address, and telephone number of each health care provider who rendered treatment, services, or care to you and any

time for the time period January 1, 2000 to the present.

**SUPPLEMENTAL ANSWER:**

VA Medical Center
150 Muir Road
Martinez, CA
94553

A.K. Bean Foundation
423 Great Jones St.
Fairfield, CA 94533

Healthy Partnerships
1735 Enterprise Drive
Building 1 Ste 105A
Fairfield, CA 94533

Alexis Rabourn
MiFit
2210
Boynton Ave. Ste D
Fairfield, CA 94533

**INTERROGATORY NO. 19**

Describe all treatment and other services provided by a health care provider relating to each injury described in your response to the preceding interrogatories – regardless of whether such injury was caused by Defendant's acts or something else.

**SUPPLEMENTAL ANSWER**

Plaintiff received counseling concerning his alcoholism from A.K. Bean Foundation, Health Partnerships, Alexis Rabourn and has received medical treatment concerning his 10% veterans disability from the VA Medical Center in Martinez.

Letter at 2.

In the joint letter, Defendant argues that Plaintiff's response to Interrogatory No. 17 is incomplete because Plaintiff did not include the names of medical care providers from whom he sought treatment for reasons other than his veteran's disability and his alleged alcoholism. *Id*. at 3. Defendant contends that this information is relevant because Plaintiff has put his mental and physical health at issue in this case. Defendant therefore asserts that it is entitled to information regarding *all* medical treatment Plaintiff has received since January 2000, not just treatment for his disability and alcoholism, and requests that the Court order Plaintiff to provide a full and complete

1  answer to Interrogatory No. 17.  *Id*.  Further, Defendant requests that the Court instruct Plaintiff that
2  if he fails to comply, it will strike his disability claims and bar Plaintiff from presenting any
3  evidence of medical or mental damages.  *Id*. at 4.

4  Plaintiff does not oppose Defendant's request.  He asserted in the joint letter that the parties had
5  resolved the dispute, but clarified at the hearing that counsel only learned about the additional
6  medical records during the meet-and-confer process.  Plaintiff did not dispute that the medical
7  records are relevant, but suggested that Plaintiff wanted to get them, review them, and redact
8  information if appropriate.

9  The Court has considered the parties' positions and agrees with Defendant.  Specifically,
10 because Plaintiff's medical history bears on his disability claim and on his request for damages, and
11 Plaintiff has put his medical history at issue, the information sought in Interrogatories 17 and 19 is
12 relevant and Defendant is entitled to complete responses from Plaintiff.  *See Melendez v. Gulf Vessel*
13 *Mgmt, Inc.*, No. C 09-1100, 2010 WL 2650572, at 1 (W.D. Wash. July 1, 2010) (finding defendant
14 was entitled to discover the identities of the medical providers who treated plaintiff because plaintiff
15 put his physical condition, mental health, and earning capacity at issue); *Garnish v. M/V Eyak LLC*,
16 No. 1:07-cv-0008, 2008 WL 2278238, at *2 (D. Alaska May 29, 2008) (finding that records of past
17 treatment for alcoholism and mental illness were relevant to claims seeking recovery for permanent
18 disability, lost earning capacity, future wage loss, and emotional distress, and were therefore
19 discoverable).  To the extent that there is additional information responsive to Interrogatories Nos 17
20 and 19 that Plaintiff has not previously provided, the Court **ORDERS** Plaintiff to either serve a
21 supplemental response to these interrogatories with that additional information or file a declaration
22 under oath stating that his responses to these interrogatories are complete.  Plaintiff shall serve the
23 supplemental responses or file his declaration by December 20, 2011.

### 2. Defendant's Requests for Production 7

26 Defendant next contends that Plaintiff has not provided the documents responsive to Defendant's
27 Request for Production No. 7, which states:

28 **REQUEST FOR PRODUCTION NO. 7:**

> Please produce a separate, original, signed release form (using the form attached) for each and every health care provider that you identified in response to Interrogatory No. 17.

Letter at 7.

Defendant contends that Plaintiff has not provided original, signed release forms for each of the four providers named in his Supplemental Response to Interrogatory No. 17, but rather provided copies of the forms. *Id*. Defendant therefore requests that the Court order Plaintiff "to provide a separate, original, signed release form, previously provided to Plaintiff, for each and every health care provider that he identifies in a complete response to Interrogatory No. 17 by a date certain." *Id*. at 8.

As with the dispute regarding Interrogatories Nos. 17 and 19, Plaintiff asserts that this dispute has also been "resolved." *Id*. Specifically, he states that he has "signed four sets of medical record releases for each of the four providers which are relevant to this action." *Id*.

The Court has considered the parties' positions and **ORDERS** Plaintiff to provide the original, signed medical releases for each of the treatment providers responsive to Defendant's Interrogatory No. 17 (including any supplemental treatment providers Plaintiff needs to disclose) by December 20, 2010. To the extent that Defendant has identified medical providers for whom Plaintiff has not executed a medical release, Defendant shall provide the names of those providers to Plaintiff so that Plaintiff can execute releases for those medical records by the December 20th deadline.

**3. Defendant's Requests for Production 5**

The parties' final dispute concerns Plaintiff's response to Defendant's Request for Production No. 5. The request and Plaintiff's response are as follows:

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents, including but not limited to tax returns and W-2 forms, reflecting any income you received since December 31, 2008.

**RESPONSE**:

Plaintiff objects because this request is overbroad. Plaintiff further objects that tax returns are not discoverable. Plaintiff will provide his W-2 forms for 2009.

*Id*. at 4.

The parties do not dispute that Plaintiff has produced his W-2 forms from the U.S. Mint for 2008 and 2009, and is willing to produce his W-2 form for 2010. Defendant, however, contends that, in addition to the W-2 forms, Plaintiff must also produce copies of his tax returns since 2008. *Id*. at 5. According to Defendant, the tax returns are relevant because Plaintiff seeks an award of back pay. *Id*. It further argues that the tax returns are necessary because the W-2 forms, alone, do not answer the question whether Plaintiff earned money from sources other than the U.S. Mint. *Id*. It therefore requests that the Court compel Plaintiff to produce his tax returns for 2008, 2009, and 2010. *Id*.

Plaintiff, however, requests that the Court issue a protective order preventing Defendant from obtaining his income tax returns. *Id*. at 6. In support, Plaintiff argues that he has a privacy interest in his income tax returns and that Defendant has not shown a compelling need for his tax returns because the information can be obtained from a less intrusive source. *Id*. Specifically, Plaintiff maintains that the W-2 forms that he produced amount to a complete record of the wages he earned during the relevant period and that Defendant has questioned him about his wage loss and effort to mitigate damages. *Id*. Accordingly, Plaintiff urges the Court to deny Defendant's request to compel production of his tax returns. *Id*.

The Court has considered the parties' arguments, and agrees with Plaintiff. Although information regarding Plaintiff's earnings contained in his tax returns is relevant to his claim seeking damages for lost earnings, Defendant has not sufficiently demonstrated a compelling need for production of the tax returns in light of the fact that Plaintiff has produced all W-2 forms for the last two years. *See, e.g., Karnazes v. County of San Mateo*, No. C 09-0767, 2010 WL 1910522, at *3 (N.D. Cal. May 11, 2010) (examining relevance and compelling need for tax returns because information is otherwise not readily obtainable and ordering plaintiff to produce tax returns); *S. Cal. Hous. Tights Ctr. v. Krug*, No. CV 06-1420, 2006 WL 4122148, at * 3(C.D. Cal. Sept. 5, 2006)) (applying same test and denying motion to compel production of tax returns because defendant failed to show a compelling need). Particularly, Plaintiff attests that he has produced W-2 forms for all income earned since 2008 and Defendant has had the opportunity to examine Plaintiff about any other sources of income during his deposition. As a result, there is no compelling need for Plaintiff

to produce his tax returns. However, to ensure that Plaintiff has produced all information regarding his earnings during the relevant period, the Court **ORDERS** Plaintiff to file a declaration stating that, other than the income reflected on the W-2 forms produced to Defendant, he has not earned any other income during 2008 and 2009. Further, consistent with the parties' agreement, Plaintiff shall produce his 2010 W-2 form to Defendant no later than April 22, 2011, and shall file a second declaration stating that other than that W-2 form, he did not earn any other income during 2010.

**4. Motion for Summary Judgment Dates and Referral to a Magistrate Judge for Settlement**

The Court initially set the hearing date for the parties' motions for summary judgment on CSRA and VEOA claims for February 10, 2011. *See* ECF No. 22 at 2. Because the Court's law and motion days have since been set for the first and third Thursdays of each month, the Court **RE-SETS** the hearing date for February 17, 2011, at 11:00 a.m. in Courtroom 4. The deadline for filing the motions is accordingly **RE-SET** to January 13, 2011.

Further, the Court **REFERS** this matter to a magistrate judge for a settlement conference to be held in March or April 2011 or as soon thereafter as is reasonable.

The Court will advise the parties of the date for a further case management conference (which will be set after the parties have an opportunity to participate in a settlement conference with the magistrate judge) when it issues its ruling on the parties' summary judgment motions.

**IT IS SO ORDERED.**

Dated: December 9, 2010

_____
LAUREL BEELER
United States Magistrate Judge