1
2
3
4
5
6
7
8            UNITED STATES  DISTRICT COURT
9              Northern District of California
10                Oakland Division
11  SALVADOR MANDUJANO,              No. C 10-01226 LB
12          Plaintiff,           **ORDER RE MARCH 25, 2011**
        v.                       **DISCOVERY LETTER**
13
    TIMOTHY F. GEITHNER,             **[ECF No. 63]**
14
          Defendant.
15  _____/

16              **I.  INTRODUCTION**

17    Plaintiff Salvador Mandujano and Defendant Timothy Geithner submitted a joint letter detailing

18  the following discovery disputes: (A) whether Dr. Hall's examination of Mandujano may be

19  videotaped; (B) the scheduling of the mental examination and the deadlines for expert disclosure and

20  discovery, and (C) the reopening of fact discovery.  Joint Letter, ECF No. 63.[1]  The court denies

21  Geithner's request to prohibit the videotaping of Dr. Hall's examination.  Instead, the court will

22  permit Mandujano to videotape the examination, subject to the conditions described below, to

23  protect Mandujano's rights without unduly compromising Dr. Hall's ethical and professional

24  obligations.  The courts grants Geithner's request to schedule the mental examination on the dates

25  specified below because Mandujano has not specified any objections.  The court grants Geithner's

26
27  _____
28        [1]  Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page
    numbers at the top (as opposed to the bottom) of the page.

ORDER RE MARCH 25, 2011  DISCOVERY LETTER
C 10-01226 LB

request to reset the expert disclosure and discovery deadlines because the mental examination has been reset and Manduajno has not specified any objections.  The court denies Mandujano's request to reopen fact discovery because Mandujano has not shown good cause.

## II.  DISCUSSION

### A.  <u>Videotaping of Dr. Hall's Examination</u>

In his motion to compel, Geithner requested that the court include the following term and condition in its order:

> The examiner should be permitted to both video tape and audiotape the examination; and Plaintiff will be allowed to do so as well, provided that the audiotapes are of at least 120 minutes in length.

ECF No. 40 at 4.  In its order, the court analyzed the issue and concluded that it was appropriate to permit each side to videotape and audiotape the examinations.  ECF No. 60 at 6-8, 10.

One of Geithner's examining experts, Dr. Hall, subsequently expressed concerns that the video camera would compromise the proprietary nature of the exams and the validity of the exam itself.  ECF No. 63 at 3; Hall Decl., Exh. A., ECF No. 63-1 at 2-3.  Geithner now asks that the court revisit its order and prohibit the videotaping of Dr. Hall's examination or, in the alternative, to issue a protective order specifying the following:

1. Any video equipment used by Plaintiff during the examinations must be stationary;

2. The video equipment may not capture any images of the testing materials;

3. The videotapes must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4. The videotapes of the examinations must be maintained and may be disclosed only to the categories of persons and under the conditions described below:

   a. Psychological/Psychiatrist Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

   b. The court and its personnel;

5. Within 60 days of the termination of this litigation, any videotapes of the examinations must be destroyed.

6. Even after final disposition of this litigation, the confidentiality obligations imposed by the Court's order shall remain in effect until the parties agree

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1

2

3

4

> otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5 ECF No. 63, at 4.

6     Geithner now argues that the court should defer to Dr. Hall's purported ethical and professional

7 obligations regarding the secrecy of the tests. *Id.* at 3. Geithner directs the court's attention to a

8 Supreme Court case that recognized the importance of keeping psychological aptitude tests

9 confidential. *Id.* (citing *Detroit Edison Co. v. N.L.R.B.*, 440 U.S. 301, 315-16 (1979)). But the

10 Supreme Court did not hold that a private group's code of ethics could trump federal law regarding

11 disclosure of relevant information. *Detroit Edison*, 440 U.S. at 317. It merely held, in the context of

12 a disclosure dispute in an arbitration, that "the order requiring the Company unconditionally to

13 disclose employee scores to the Union was erroneous." *Id.* at 320. And the confidentiality concerns

14 identified by Geithner can be addressed by a protective order. *See Taylor v. Erna*, No.

15 08-10534-DPW, 2009 WL 2425839, at *2-*3 (D. Mass. Aug. 3, 2009).

16     Geithner also cites an out-of-circuit, unpublished district court decision in which the court

17 quashed a subpoena for psychological testing materials because it placed an undue burden on the

18 doctor by asking him to violate his ethical and contractual obligations. ECF No. 63 at 3 (citing

19 *Collins v. TIAA-CREFF*, 2008 WL 3981462, at *5 (W.D.N.C. Aug. 22, 2008)).

20     Mandujano argues that the examination is a court-ordered mental examination that is part of an

21 adversarial process and that preservation of the procedures used is key to evaluating the methods

22 used. ECF No. 63 at 8.[2] In its earlier order, the court discussed these concerns and permitted the

23 videotaping of the examinations. ECF No. 60 at 6-8, 10.

24     Geithner's prior position about videotaping arguably waives the argument now that videotaping

25

26     [2] Mandujano also states, "Dr. Hall did not want to reveal the exact names or versions of the

27 tests she was administering to Mr. Mandujano, which is required under the *Daubert* standard." ECF No. 63 at 8. Mandujano provides no additional explanation or analysis with regard to this issue.

28 The court has not yet ordered Geithner to disclose the exact names or versions of the tests used by Dr. Hall and the court does not believe this issue is currently before the court.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  should not be allowed.  In any event, Mandujano agreed that written test questions would not be

2  videotaped.  *See* ECF No. 63 at 8.  Geithner's concerns are addressed by the proposed protective

3  order.  *See Taylor*, 2009 WL 2425839, at *2-*3 (collecting similar cases and finding that majority of

4  courts order disclosure with a protective order).  This order contains the terms requested by Geithner

5  with one modification:  the videotape shall be disclosed to Mandujano and his counsel too.

6  **2.  Scheduling**

7      Geithner also asks the court to order Mandujano to be examined at 300 Tamal Plaza, Suite 140,

8  Corte Madera, California, by Dr. Hall from 9:15 a.m. to 1:15 p.m. on Wednesday, April 20, 2011

9  and from 9:15 a.m. to 1:15 p.m. on Thursday, April 28, 2011.  ECF No. 63 at 4.  Geithner also asks

10  the court to order Mandujano to be examined at 655 Redwood Highway, Suite 271, Mill Valley,

11  California, by Dr. Levy on Wednesday, May 4, 2011, at 10:00 a.m. for four to six hours.  *Id.* at 4-5.

12      Geithner further requests that the expert disclosure and discovery dates be extended as

13  follows:

14          Expert disclosures:              June 6, 2011
            Rebuttal expert disclosures:     June 20, 2011
15          Expert discovery to be completed:  July 11, 2011

16  *Id.* at 5.  Mandujano states that these matters were never discussed via telephone or in person but

17  does not specify any objections.  *Id.* at 10.  Because Mandujano has not specified any objections and

18  the mental examination has to be rescheduled, the court grants Geithner's scheduling requests.

19  **3.  Re-Opening Fact Discovery**

20      Mandujano requests that, if dates are to be extended,  the discovery cut-off should be extended

21  from March 4, 2011 to July 11, 2011 and that the motion for summary judgment deadlines and the

22  trial schedule should be adjusted accordingly.  ECF No. 63 at 11.  Mandujano explains that he

23  received fifteen pages of emails (allegedly a small portion of the documents promised in December

24  2010) on March 22, 2011 and that new names have now come to light.  *Id.*  Geithner argues that the

25  delay in producing the documents was attributable to Mandujano, the time for requesting an

26  extension of fact discovery has passed, and Mandujano has failed to demonstrate good cause to

27  reopen fact discovery.  *Id.* at 5.  The court agrees with Geithner.

28  ///

**III.  CONCLUSION**

The court **ORDERS** Mandujano to be examined at 300 Tamal Plaza, Suite 140, Corte Madera, California, by Dr. Hall from 9:15 a.m. to 1:15 p.m. on Wednesday, April 20, 2011 and from 9:15 a.m. to 1:15 p.m. on Thursday, April 28, 2011.  The court **ORDERS** Mandujano to be examined at 655 Redwood Highway, Suite 271, Mill Valley, California, by Dr. Levy on Wednesday, May 4, 2011, at 10:00 a.m. for four to six hours.  The court **ORDERS** that Mandujano may videotape Dr. Hall's examination of Mandujano subject to the following conditions:

1. Any video equipment used by Mandujano during the examinations must be stationary;

2. The video equipment may not capture any images of the testing materials;

3. The videotapes must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this order.

4. The videotapes of the examinations must be maintained and may be disclosed only to the categories of persons and under the conditions described below:

   a. Psychological/Psychiatrist Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

   b. The court and its personnel; and

   c. Mandujano and his counsel.

5. Within 60 days of the termination of this litigation, any videotapes of the examinations must be destroyed.

6. Even after final disposition of this litigation, the confidentiality obligations imposed by the court's order shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

The court **GRANTS** Geithner's scheduling  requests and **ORDERS** that the expert disclosure deadline be extended to June 6, 2011, the rebuttal expert disclosure deadline be extended to June 20, 2011, and that the expert discovery deadline be extended July 11, 2011.  The court **DENIES** Mandujano's request to reopen fact discovery.

ORDER RE MARCH 25, 2011  DISCOVERY LETTER
C 10-01226 LB

5

This disposes of ECF No. 63.

**IT IS SO ORDERED.**

Dated: April 4, 2011

_____
LAUREL BEELER
United States Magistrate Judge