UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SALVADOR MANDUJANO,<br><br>        Plaintiff,<br>   v.<br>TIMOTHY F GEITHNER,<br><br>        Defendant. | No. C 10-01226 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[ECF Nos. 90 and 98] |

## I. INTRODUCTION

On June 27, 2011, the court granted Defendant Timothy Geithner's motion for summary judgment and denied Plaintiff Salvador Mandujano's cross-motion for partial summary judgment, thereby terminating the case. ECF No. 87 at 1.[1] On July 7, 2011, Mandujano filed a motion styled as "Plaintiff's Motion for New Trial." Motion for Reconsideration, ECF No. 90 at 1. In his motion for reconsideration, Mandujano requests that the court enter an order vacating its order on the cross-motions for summary judgment filed on June 27, 2011 and to rule that disputed issues of fact render the case inappropriate for summary judgment. *Id.* at 2. On July 28, 2011, Mandujano filed a motion for leave to file his motion for reconsideration. Motion for Leave to File Motion For Reconsideration, ECF No. 98 at 1. The motion for leave basically repackages the arguments advanced in the motion for reconsideration. *See* ECF Nos. 90 and 98.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

1    Having considered the parties' papers, relevant legal authority, and the record in this case, the
2 court finds this matter suitable for disposition without oral argument. See N.D. Cal. Civ. L.R.
3 7-1(b). The court vacates the hearing set for August 25, 2011 and issues this order, which denies
4 Mandujano's motions because they do not present any newly-discovered evidence, material
5 evidence not considered by the court, or evidence of fraud.

## II. FACTS

7    Mandujano, a former United States Mint Police Officer, sued his former employer after he was
8 fired in 2008 for failure to maintain a driver's license and sustaining a conviction for driving under
9 the influence of alcohol. Complaint, ECF No. 1 at 1, ¶ 1, and 4, ¶ 12.[2] Mandujano alleged that his
10 removal was discriminatory under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, based on his
11 alleged disability of alcoholism, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*,
12 based on his race/national origin. Mandujano also claimed that his removal violated the Veterans
13 Employment Opportunity Act, 5 U.S.C. § 3330a, *et seq.* and the Civil Service Reform Act, 5 U.S.C.
14 § 1201 *et seq. Id.* at 1, ¶ 2. The court granted Geithner's motions for summary judgment and denied
15 Mandujano's motions for summary judgment on all claims. Order on Cross-Motions for Partial
16 Summary Judgment (non-discrimination claims), ECF No. 62; Order on Cross-Motions for
17 Summary Judgment (discrimination claims), ECF No. 87. Mandujano now seeks reconsideration of
18 the court's order on the cross-motions for summary judgment on the discrimination claims. ECF
19 Nos. 90 and 98. Geithner opposes the motion for reconsideration. ECF No. 92.

## III. LEGAL STANDARDS

21    Under the Civil Local Rules, plaintiffs must seek permission from the court prior to filing a
22 motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the court, plaintiffs
23 must show that (1) at the time of the motion, a material difference in fact or law exists that was not
24 previously presented to the court, (2) there has been an emergence of new material facts or a change
25 in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider
26 material facts or dispositive legal arguments" that were presented to it. *Id..* at 7-9(b). As such,

---

[2] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

1  reconsideration is appropriate only when (1) the court is presented with newly discovered evidence,
2  (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening
3  change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d
4  1255, 1263 (9th Cir. 1993).

5  Additionally, pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, the court may
6  relieve a party of final judgment by reason of "fraud . . . , misrepresentation, or other misconduct by
7  an opposing party." Fed. R. Civ. P. 60(b)(3). The Ninth Circuit has held that "[t]o prevail, the
8  moving party must prove by clear and convincing evidence that the verdict was obtained through
9  fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing
10 party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260
11 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th
12 Cir.2000)).

## IV. DISCUSSION

### A. Basic Procedural Problems with Mandujano's Filing

As a preliminary matter, the court notes the following errors in Mandujano's motion for reconsideration.

First, it was titled "Plaintiff's Motion for New Trial." The court did not conduct a trial but, instead, determined the case based on the cross-motions for summary judgement. Order on Cross-Motions for Partial Summary Judgment, ECF No. 62; Order on Cross-Motions for Summary Judgment, ECF No. 87. Accordingly, the title of the motion does not make sense, and his references to Rule 59(a) of the Federal Rules of Civil Procedure are simply inapplicable.

Second, the motion was noticed for August 25, 2011. *Id.* The court's standing order states, "The civil motions calendar is on the first and third Thursdays of the month at 11 a.m." Magistrate Judge Beeler's Standing Order at 1, *available at* http://cand.uscourts.gov/lborders. August 25, 2011 is the fourth Thursday of the month. Hence, the motion was not in compliance with the court's standing order.

Third, Mandujano asserted that Geithner's opposition brief was due on August 5, 2011 and that Mandujano's reply brief was due on August 12, 2011. Docket Entry, Motion, ECF No. 90. This too

was procedurally incorrect. Civil Local Rule 7-3 requires the opposition brief to be submitted within 14 days after the motion is served and filed or, in this case, July 21, 2011. N.D. Cal. Civ. L.R. 7-3(a). The moving party's optional reply brief is due seven days after the opposition brief is served and filed. N.D. Cal. Civ. L.R. 7-3(c). And, in this case, Geithner served and filed its opposition brief on July 12, 2011. Docket Entry, Opposition, ECF No. 92. Accordingly, even if Mandujano had received permission to file his motion for reconsideration prior to filing it, the reply brief would have been due on July 19, 2011. But no reply brief was filed by this time. And Mandujano previously was cautioned against filing untimely papers. Order, ECF No. 62 at 4 n.5.

Fourth, Mandujano's counsel stated that certain supporting exhibits would be submitted under seal. Dryovage Decl. ECF No. 90-1 at 2. But the supporting exhibits were not filed until three weeks later. Moreover, as discussed in the court's separate order, Mandujano's administrative motion for leave to file the two exhibits under seal was not in compliance with this district's local rules. Order Denying Plaintiff's Administrative Motion to File Under Seal as to Exhibit A and Granting Motion as to Exhibit B, ECF No. 100 at 1-2.

Fifth, Mandujano did not request the court's permission before filing his motion for reconsideration. *Orcilla v. Bank of America, N.A.*, No. C10–03931 HRL., 2011 WL 2437441, at *2-3 (N.D. Cal. June 17, 2011) (denying motion for reconsideration where movant failed to request and receive permission to file motion). Instead, Mandujano filed his motion for leave to file his motion for reconsideration three weeks after filing his motion for reconsideration. Motion for Leave to File Motion For Reconsideration, ECF No. 98 at 1. Additionally, Mandujano primarily raises arguments that he previously made, which violates Civil Local Rule 7-9(c).

**B. <u>Argument</u>**

In his motion for reconsideration, purportedly pursuant to Rules 59(a) and (e) & Rule 60(b) of the Federal Rules of Civil Procedure, Mandujano requests that the court enter an order vacating its order on the cross-motions for summary judgment filed on June 27, 2011 and to rule that disputed issues of fact render the case inappropriate for summary judgment. Motion, ECF No. 90 at 2. Mandujano argues that Geithner misrepresented facts and omitted deposition testimony and medical

records, thereby committing a fraud on the court. *Id.*[3]

Specifically, Mandujano argues that Geithner obtained Mandujano's medical records but did not submit them in support of his argument. *Id.* at 3. Mandujano also argues that the court should have considered his May 26, 2011 declaration. *Id.* Mandujano claims that the court should have considered Geithner's expert disclosures and/or permitted him to conduct depositions of the experts. *Id.* at 5-6.

Mandujano primarily argues that these misrepresentations and omissions caused the court to ignore his testimony that his drinking impacted his ability "to function, to speak, to think clearly, to make rational decisions and many other factors." *Id.* at 7. The court, however, previously addressed all but two of the arguments and pieces of evidence upon which Mandujano's motion for reconsideration rely. First, in its summary judgment order, the court noted that nowhere in Mandujano's motion for summary judgment did he explicitly specify what major life activity was impacted by his drinking. Order, ECF No. 87 at 6. Then the court addressed the admissibility of Mandujano's declaration signed on May 26, 2011 and Geithner's expert disclosures. *Id.* at 7-8. The court rejected the evidence after considering the arguments that Mandujano is belatedly making for their inclusion. *Id.* The court then examined possible bases for finding that Mandujano's drinking negatively effected a major life activity based on the implications of the admissible evidence submitted in the case,[4] finding that Mandujano still could not establish that he was disabled. *Id.* at 8-10. The court will not revisit these issues. *See Backlund v. Barnhart*, 778 F.2d 1386, 1389 (9th Cir. 1985) (motion for reconsideration of summary judgment is properly denied when the motion presents no arguments not already raised in opposition to summary judgment); *see also Casey*, 362 F.3d at 1260 ("Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud . . . not be discoverable

---

[3] As noted above, Mandujano's motion for leave to file his motion for reconsideration repeats the arguments within the motion for reconsideration.

[4] The court undertook this analysis even though a district court has no independent duty "to scour the record in search of a genuine issue of triable fact" and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotation marks omitted); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

by due diligence before or during the proceedings.").

Mandujano makes two new arguments other than baseless assertions that Geithner failed in some misconceived obligation to make Mandujano's case for him. In his motion for leave to file his motion for reconsideration, Mandujano states that another officer, Jan Brill, was offered reasonable accommodation. ECF No. 98 at 13 (citing Mandujano's deposition testimony). But Mandujano does not argue that this constitutes *new* evidence or that he previously presented it to the court. Mandujano also claims that his medical records indicate that he received a high score on the Michigan Alcohol Screening Test in November 2008 and that Mandujano was not able to take the depositions of Geithner's expert witnesses regarding the significance of this score. Motion for Reconsideration, ECF No. 90 at 10. But Mandujano cannot introduce evidence that was in his prior possession or argue that he was unable to take the depositions of Geithner's expert witnesses when the discovery and dispositive motion schedules were known well in advance.[5] *See School Dis. No. 1J*, 5 F.3d at 1263 ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"); *Casey*, 362 F.3d at 1260.

### V. CONCLUSION

In sum, the court finds that Mandujano has not presented any newly discovered evidence, material evidence that was not previously considered by the court, or evidence of fraud. Accordingly, the court **DENIES** Mandujano's motion for leave to file reconsideration and his motion for reconsideration. This disposes of ECF Nos. 90 and 98.

**IT IS SO ORDERED.**

Dated: August 12, 2011

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] Although the government signed a stipulation to extend expert discovery three days prior to the hearing on the motions for summary judgment, Mandujano filed the stipulation 23 days *after* the court granted summary judgment in favor of Geithner, thereby resolving all of Mandujano's claims. The court denied this request. Order Denying Stipulation to Extend Expert Discovery, ECF No. 99 at 2.