UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| SALVADOR MANDUJANO, | No. C 10-01226 LB |
| Plaintiff, | **ORDER RE OBJECTION TO COSTS** |
| v. | [ECF No. 93] |
| TIMOTHY F. GEITHNER, | |
| Defendant. | |

## I. INTRODUCTION

On June 27, 2011, the court granted Defendant Timothy Geithner's motion for summary judgment and denied Plaintiff Salvador Mandujano's cross-motion for partial summary judgment, thereby terminating the case. Order, ECF No. 87 at 1.[1] On July 7, 2011, Geithner filed his bill of costs, requesting $2,748.70. ECF No. 89 at 1. On July 20, 2011, Mandujano filed his objections to the bill of costs. Objections, ECF No. 93. On July 27, 2011, the clerk of the court taxed costs of $2,748.70 against Mandujano. ECF No. 96 at 1. The court denies Mandujano's objections because they are procedurally flawed, discretionary factors do not favor denying costs, and the objections to specific costs are not supported by the local rules or other controlling authorities.

///

///

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

## II. DISCUSSION

### A. Legal Standards

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican—Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir.2000). The court has discretion to deny costs but must specify its reasons for doing so. *Id.* at 591-92 (*citing Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)).

The following categories of costs may be taxed:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Taxation of costs is limited to these enumerated categories. The Civil Local Rules provide further guidance regarding the taxable costs in each category. N.D. Cal. Civ. L.R. 54-3.

### B. Analysis

The court begins by discussing procedural issues with Mandujano's objections. The court then analyzes the discretionary factors that must be considered. Finally, the court examines Mandujano's objections to specific costs.

#### 1. Procedural Issues

Mandujano's objections to the bill of costs fail to comply with the Federal Rules of Civil Procedure and the Civil Local Rules. First, Mandujano did not file a motion seeking review of the clerk's taxation of costs. Fed. R. Civ. P. 54(d)(1) ("On *motion* served within the next 7 days, the

1  court may review the clerk's action." (emphasis added)).  Second, Civil Local Rule 54-2(b) requires
2  the parties to meet and confer prior to filing any objections.  N.D. Cal. Civ. L.R. 54-2(b).
3  Mandujano's objections did not contain any representation that the parties met and conferred or that
4  Mandujano made a good faith effort to arrange such a conference.  On these bases alone, the court
5  denies Mandujano's objections.  However, for the sake of completeness, the court addresses the
6  substance of Mandujano's objections.

7  Mandujano first argues that Geithner was not a prevailing party because the court had not yet
8  ruled on Mandujano's motion for a new trial.  ECF No. 93 at 2.  The court has since denied
9  Mandujano's motion, mooting this argument.  Order, ECF No. 101; Judgment, ECF No. 102.
10 Geithner is a prevailing party.  *See, e.g., Fang-Yuh Hsieh v. Stanford University*, No. C09–05455
11 HRL, 2011 WL 2222167, at *1 (N.D. Cal. June 7, 2011) (treating defendant federal agencies as
12 prevailing parties after they prevailed on summary judgment on plaintiff's discrimination claims);
13 *see also Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal. May
14 26, 2005) (denying party's request that the court stay the taxation of costs pending appeal).

### 2. Discretionary Factors

16 The Ninth Circuit has approved the following reasons for refusing to award costs to a prevailing
17 party: misconduct on the part of the prevailing party; great economic disparity between the parties
18 and the losing party's limited financial resources; the chilling effect of imposing high costs on future
19 civil rights litigants; and the presence of close and complex legal issues.  *Ass'n of Mexican—Am.*
20 *Educators*, 231 F.3d at 592.

21 Mandujano argues that the court should apply its discretion to deny costs because of his limited
22 resources and to avoid the chilling effect of imposing high costs on future civil rights litigants.
23 Objections, ECF No. 93 at 2.

24 In *Stanley v. University of Southern California*, 178 F.3d 1069 (9th Cir. 1999), the Ninth Circuit
25 held that the district court abused its discretion in denying a losing civil rights plaintiff's motion to
26 re-tax costs without considering (1) the plaintiff's limited financial resources and (2) "the chilling
27 effect of imposing such high costs on future civil rights litigants."  178 F.3d at 1079-80.  In *Stanley*,
28 the losing plaintiff was unemployed, faced costs of $46,710.97, and had a close case that raised

1  complex questions. In this case, Mandujano is employed, he made no showing that he is indigent or
2  that being forced to pay costs of $2,748.70 would reduce him to indigence, and his case was neither
3  close nor complex. Additionally, the $2,748.70 in costs is not likely to chill future civil rights
4  litigants. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (affirming the
5  award of $5,310.55 in costs and rejecting appellant's argument that this amount posed a risk of
6  chilling future litigation).

7  Mandujano also argues that the court should deny costs because he brought his case in good
8  faith. Objections, ECF No. 93 at 3-4. But this fact is insufficient to justify the denial of costs to a
9  prevailing party. *See Fang-Yuh Hsieh*, 2011 WL 2222167, at *1 n.2 (citing *National Info. Servs.,*
10  *Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

**3. Objections to Specific Costs**

12  Mandujano first objects to the submitted bill of $1,531.20 for printed and electronically recorded
13  transcripts of his October 21, 2011 deposition. Objections, ECF No. 93 at 4. Mandujano argues that
14  the transcripts were unnecessary because opposing counsel attended the deposition. *Id.* at 4-5.
15  Mandujano further claims that transcript costs are only recoverable if they are indispensable and if
16  they are used. *Id.* at 5. But Civil Local Rule 54-3(c)(1) states, "The cost of an original and one copy
17  of any deposition (including video taped depositions) taken for any purpose in connection with the
18  case is allowable." N.D. Cal. Civ. L.R. 54-3(c)(1). And, as Mandujano acknowledges, Geithner
19  utilized the transcript. Moreover, none of Mandujano's cited authorities come from this circuit,
20  except for his general reference to *Bowoto v Chevron,* No. Civ. 99-02506-SI (Apr. 22, 2009), which
21  does not stand for the proposition for which it is cited by Mandujano in this section.

22  Mandujano also objects to the cost of obtaining medical records from Quest on the grounds that
23  they were not used by Geithner. Objections, ECF No. 93 at 5. Again, Mandujano cited no
24  controlling authority supporting the proposition that costs associated with reproducing records are
25  only taxable if the records are used in a motion or otherwise presented to the court. And Civil Local
26  Rule 54-3(d)(2) permits recovery of the cost of reproducing disclosure or formal discovery
27  documents when used for any purpose in the case. N.D. Cal. L.R. 54-3(d)(2).

28  Additionally, Mandujano objects to the cost of the video record of Mandujano's medical

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  examination, arguing that no part of the video was ever used in the litigation and that the video
2  report was ordered after Geithner's expert disclosure report was served on June 6, 2011. Objections,
3  ECF No. 93 at 5-6. But Geithner only ordered the records after Mandujano improperly filed
4  excerpts from the expert disclosure report, which clearly implies that it was used to evaluate
5  potential responses to Mandujano's improper filing.

6  Mandujano further claims that Geithner should not be reimbursed for the Merit Systems
7  Protection Board records because Geithner was responsible for requesting them under the Civil
8  Service Reform Act. *Id.* at 6. But Mandujano does not explain why Geithner should bear the cost of
9  producing a copy to Mandujano.

10  Finally, Mandujano argues Geithner should not be reimbursed for the requested per-page costs
11  associated with producing certain documents via compact disc. *Id.* But the court notes that other
12  courts have allowed the recovery of processing costs associated with producing electronic
13  documents. *See BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 420 (6th Cir.
14  2005) (finding no abuse of discretion where district court permitted recovery of costs associated
15  with electronic scanning and imaging because they could be interpreted as "exemplification and
16  copies of papers").

### III. CONCLUSION

18  For the foregoing reasons, the court **DENIES** Mandujano's objections to Geithner's bill of costs.
19  This disposes of ECF No. 93.

20  **IT IS SO ORDERED.**

21  Dated: August 12, 2011

22  _____
    LAUREL BEELER
    United States Magistrate Judge